[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 26 October 1996 Date of Application: 1 November 1996 Date Application Filed: 22 November 1996 Date of Decision: 24 February 1998
 Application for Review of Sentence imposed by the Superior Court, Judicial District of New London at New London, Docket Number CR10-230077. CT Page 3638
William B. Westcott, Esq., For the Petitioner.
Paul Murray, Esq., For the State of Connecticut.
BY THE DIVISION
The Petitioner plead guilty under the Alford Doctrine to one count of Possession of Cocaine with Intent to Sell in violation of Conn. Gen. Stat. 21a-277 (a). The court imposed a sentence of eight years to serve.
The petitioner was arrested for having twenty-five pieces of crack cocaine and a loaded stolen gun in his apartment, which was found pursuant to a search warrant.
At the hearing counsel noted that the petitioner had no prior criminal record and that the amount of cocaine found was less than one gram. Counsel in his brief noted that the petitioner was educated and had military training and supported his family. In his brief counsel felt that the pre-sentence investigative report was negatively slanted against the petitioners interests. Counsel felt that the attempt to paint his client as a major player in the drug traffic was excessive and the information was provided by people who had charges pending against them.[1]
Petitioner when he addressed the panel thought the writer of the pre sentence investigation "had it in for him" and that he did not receive his copy of the report until the day of the sentencing.
The attorney for the state urged the court to affirm the sentence as he felt it was appropriate for the crime charged.
In reviewing the remarks of the sentencing court we find that the judge gave the petitioner credit as "an intelligent young man with certain obvious ability to do things." The court also took into consideration that the petitioner was a veteran who came from a good supportive family. On the other side of the ledger the court felt that the petitioner was heavily involved in the CT Page 3639 narcotic industry, and that fact was quite serious. We review sentences imposed in accordance with Practice Book 43-28. Here we find that the sentenced imposed satisfies all the criteria. THE SENTENCE IS AFFIRMED.
Norko, J.
Klazak, J.
Miano, J.
Norko, J., Klaczak, J., and Miano, J. participated in this hearing.